UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO  DIVISION

**DENISE ANNETTE HARRIS,**

     **Plaintiff,**                          **CASE NO.:**

**vs.**

**EQUIFAX INFORMATION SERVICES, LLC,**
**REAL PAGE, INC. d/b/a LEASINGDESK SCREENING**
**and SENTRY RECOVERY & COLLECTIONS, INC.**

     **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Denise Annette Harris, (hereinafter "Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendants, EQUIFAX INFORMATION SERVICES, LLC  (hereinafter Equifax), REAL PAGE, INC. d/b/a LEASINGDESK  SCREENING (hereinafter "LeasingDesk") and SENTRY RECOVERY & COLLECTIONS, INC. (hereinafter Sentry) and in support thereof respectfully alleges violations of the Fair  Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

1

## I.    INTRODUCTION

1.    Plaintiff was the victim of identity theft in 2018 and after an arduous series of disputes in 2020 she successfully had the fraudulent accounts removed. However, the fraudulent rental debt has reappeared on her credit report.

## II.    PARTIES

2.    Plaintiff is a natural person, a resident of Orlando, Orange County, Florida, and a "consumer" as defined by 15 U.S.C. § 1681a (c) of the FCRA.

3.    Equifax is a Georgia corporation with its principal place of business located at 1550 Peachtree Street, NW, H-46, Atlanta, GA 30309 and is subject to the jurisdiction of this Court.

4.    At all times material Equifax is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.  Equifax disburses such consumer reports to third parties under contract for monetary compensation.

5.    LeasingDesk is a corporation with its principal place of business State  of Texas and is authorized to do business in the State of Florida through its registered  agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation,  Florida 33324.

2

6.    LeasingDesk is a "consumer reporting agency" as defined in 15 USC § 1681(f). LeasingDesk is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing background reports, as defined in 15 U.S.C. § 1681(d) to third parties.

7.    LeasingDesk disburses such background reports to third parties under contract for monetary compensation.

8.    Sentry Recovery & Collections is a debt collector based in Las Vegas, NV and is subject to the jurisdiction of this court.

9.    Sentry Recovery & Collections is an entity who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-2.

10.   Sentry Recovery & Collections disburses such background reports to third parties under contract for monetary compensation.

### III.    JURISDICTION AND VENUE

5.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.*

6.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here pursuant to the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1391.

## STATUTORY STRUCTURE OF THE FCRA

7.    Congress enacted the FCRA to require the consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. 15 U.S.C. § 1681b.

8.    Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum accuracy* of the information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b) (emphasis added).

9.    Under the FCRA, if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives the notice of dispute from the consumer. 15 U.S.C. § 1681i(a).

10.   Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any

consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. 15 U.S.C. § 1681i(a)(4).

11. Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. 15 U.S.C. § 1681i(a)(5).

12. Under the FCRA, after a furnisher of information receives notification pursuant to §1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. 15 U.S.C. §1681s2(b).

13.   Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer, is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; statutory damages of not less than $100 and not more than $1,000; such amount of punitive damages as the court may allow; and the costs of the action together with reasonable attorneys' fees. 15 U.S.C. § 1681n.

14.   Under the FCRA, any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer, is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorney's fees. 15 U.S.C. § 1681o.

## IV.   FACTUAL ALLEGATIONS

15.   Plaintiff has continuously lived in Orlando, Florida from 2001 through 2020.

16.   Unknown to Plaintiff, an unknown third party or parties opened multiple accounts in her name in Las Vegas Nevada. The account at issue is a debt from a fraudulent residential lease at Tango  Bay Apartments in Las Vegas, Nevada signed using Plaintiff's name and personal information, on January 26, 2018.

17.   Plaintiff has never lived in Nevada or visited Nevada.

6

18. The third party or parties that entered into the residential lease the above-mentioned were not known by Plaintiff and were not given any permission whatsoever to open those accounts.

19. The Tango Bay Lease was not paid and became delinquent in May, 2018.

20. Unknown to the Plaintiff, beginning in 2014, the credit reporting agencies Experian, Equifax, and Trans Union reported these fraudulent accounts on Plaintiff's credit reports.  The Tango Bay Debt ("Debt") was reported to the credit bureaus by Sentry Recovery & Collections.

21. Plaintiff was not aware of the identity theft and fraudulent accounts and  the Tango Bay  Debt until May 2020.

22. In May 2020, Plaintiff and her family were planning to move from Orlando, Florida to North Carolina, to care for her ill and elderly mother-in-law. It was only when she applied for rental housing in North Carolina she discovered the series of fraudulent debts incurred in her name.

<u>2020 - Plaintiff disputes and resolves fraudulent debts</u>

23. On July 20, 2020, Plaintiff filed a report with the Orange County Sheriff's Office, Report Number 200405624, regarding the multiple accounts opened in her name in Las Vegas, Nevada. *See attached as Exhibit A.*

24. On July 30, 2020, Plaintiff filed a FTC identity theft affidavit listing the fraudulent accounts appearing on her credit reports which included, Sprint,

NV Energy, Zerzura Apartments NV, Sallie Mae, and the subject account, Tango Bay Apartments. *See attached as Exhibit B.*

25. By November 2020, after a frustrating and time-consuming series of disputes, the fraudulent accounts, including the Tango Bay Apartment Debt, were eventually deleted by the credit bureaus including by Defendant Equifax and Plaintiff was finally able to secure rental housing in Durham, North Carolina.

26. Eventually, Plaintiff's mother-in-law dies and Plaintiff and her family leave Durham, North Carolina and return home to Orlando, Florida in 2023 and she applies for rental housing.

27. Plaintiff was confirmed to lease an apartment in Orlando, Florida with a move in date for June 26, 2023.

<u>2023 - Tango Bay Debt is Reinserted</u>

28. To her great dismay and surprise, the leasing offer was later rescinded after the debt from Tango Bay Apartments reappeared through Sentry on her Equifax Credit Report.

29. As a result of the reinsertion of the previously deleted debt with Tango Bay, Plaintiff and her family were homeless and stuck living in dismal and expensive extended stay weekly motels in Orlando, Florida.

Dispute to Equifax

30.  Plaintiff disputed the Tango Bay Apartment debt furnished by Sentry with Equifax in June 2023 and provided supporting documentation of the fraud and Equifax verified the Debt as accurate within six days.  *See Exhibit C, Equifax Response Confirmation # 3178530731.*

31.  After receiving Plaintiff's dispute, Equifax notified the furnisher, Sentry, to verify information and reviewed its own file on Plaintiff. Upon information and belief, Equifax also contacted the other two credit bureaus regarding the fraudulent debt, pursuant to its own internal policies.

32.  When Plaintiff disputed the account, Defendant Equifax was required to perform an reinvestigation; however, Defendant Equifax did not properly reinvestigate the dispute and continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA.

33.  In July, 2023, Plaintiff applied for housing with nonparty, Heritage Estates, an apartment at 11701 Heritage Estates Avenue, Orlando, Florida 32825.

34.  Upon information and belief, Heritage Estates apartments hired LeasingDesk to prepare a consumer report on Plaintiff in order to screen Plaintiff to determine her eligibility to lease a property from it.

35.    Upon review of the background report prepared by LeasingDesk, Heritage Estates denied Plaintiff the opportunity to lease a property.

36.    Heritage Estates denied Plaintiff the opportunity to lease  a property from it because the background report prepared by LeasingDesk  contained false and inaccurate information about Plaintiff.

37.    Specifically, the background report prepared by LeasingDesk falsely stated that Plaintiff owed a rental debt to Tango Bay apartments in Las Vegas Nevada reported by Sentry.

<u>Dispute to LeasingDesk</u>

38.    Shortly after learning of the inaccurate reporting, Plaintiff contacted LeasingDesk to dispute the erroneous reporting in her background report. Plaintiff  advised LeasingDesk that the debt to Tango Bay apartments was not hers and had been previously resolved and provided supporting documents and should be  removed from her background report.

39.    On or about June 30, 2023, LeasingDesk responded to Plaintiff's  dispute by stating in part:

> **From:** LeasingDesk Noreply <noreply@leasingdesk.com>
> **To:** harris_denise@yahoo.com <harris_denise@yahoo.com>**Sent:** Friday, June 30, 2023 at 10:05:25 AM EDT
> **Subject:** Consumer Dispute Results for Denise A Harris - Case # SF11194093
>
> Dear Denise A Harris,
>
> Thank you for notifying LeasingDesk Screening regarding the accuracy and/or completeness of certain information that is contained in your consumer file.

> Here is a summary of the results of the Credit Bureau investigation: Please see attached Equifax re investigation results. If you have any questions, please contact Equifax directly…

40.  LeasingDesk failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

41.  LeasingDesk never attempted to contact Plaintiff during the alleged investigation.

42.  Consumer reporting agencies that create background reports, like LeasingDesk, are charged with using reasonable procedures designed to ensure the  maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

43.  When a consumer, like Plaintiff, disputes information through the consumer reporting agencies, those disputes are transmitted to the party furnishing  the information. The FCRA demands that each party separately conduct a reasonable  investigation of the consumer's dispute and correct or delete information they learn  to be inaccurate or cannot otherwise verify.

44.  Finally, after an additional dispute to Equifax, the Tango Bay Apartments Debt reported by Sentry was eventually deleted in September 2023.

45.  As a result of Defendants' actions, Plaintiff has suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion. These

emotional damages have been compounded by Defendant's failure to fix the problem a second time. This problem has lasted *years*.

46.     As a result of Defendants' inaccurate credit reporting of the fraudulent apartment Debt on Plaintiff's credit reports, Plaintiff's credit score was reduced.

47.     Plaintiff retained undersigned counsel for the purpose of pursuing this matter against Defendants and Plaintiff is obligated to pay her attorney a reasonable fee for his services.

48.     All necessary conditions precedent to the filing of this action occurred or Defendants have waived.

### III. CAUSES OF ACTION

### COUNT I
### CLAIMS AGAINST DEFENDANT EQUIFAX
### FOR VIOLATIONS OF THE FCRA
### 15 U.S.C. § 1681 *et seq.*

49.     Plaintiff incorporates Paragraph 1 – 48 above as fully stated herein.

50.     Defendant Equifax willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

51.     Defendant Equifax willfully and/or negligently refused to properly reinvestigate Plaintiff's consumer report.

52. Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681e (b).

53. Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681i(a)1.

54. Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681i (a)(4).

55. Defendant Equifax negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681 (a)(4).

56. Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681i (a)(5).

57. In response to the request for reinvestigation, Defendant Equifax improperly verified the trade line as correct, and refused to remove the inaccurate information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i (a)(5).

58. Defendant Equifax has negligently and/or willfully failed to conduct a proper reinvestigation of the trade lines in violation of the FCRA, 15 U.S.C. §§ 1681i, 1681(n) and/or 1681(o).

59.   Defendant Equifax's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

60.   Defendant Equifax's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated herein, and as a result, Defendant Equifax is liable to compensate Plaintiff for the full amount of statutory and actual damages, along with attorney's fees and costs, as well as such other relief as permitted by law.

61.   Additionally, the court may award punitive damages under 15 U.S.C. § 1681n.  Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant Equifax:

a)   For actual damages;

b)   For compensatory damages;

c)   For statutory damages;

d)   For attorney's fees and costs incurred in this action;

e)   For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease

14

reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and;

f)      For such other and further relief as the Court may deem just and proper.

**COUNT II**
**CLAIMS AGAINST DEFENDANT EQUIFAX**
**FOR VIOLATIONS OF THE FCRA**
**15 U.S.C. § 1681i(B) REINSERTION**

62.   Plaintiff incorporates Paragraph 1 – 48 above as fully stated herein.

63.   Defendant Equifax willfully and/or negligently failed to put in place procedures to prevent reinsertion of inaccurate and/or fraudulent accounts for Plaintiff's credit report.

64.   Defendant Equifax willfully and/or negligently refused to certify with the furnisher that the Tango Bay Apartments Debt was accurate pursuant to 15 U.S.C. §1681i(B)(i).

65.   Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681i(B)(ii) by failing to provide notice to Plaintiff once the Tango Bay Apartments Debt was reinserted.

66.   Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681i(B)(iii) by failing to provide an additional statement by Plaintiff after dispute of the reinserted account.

67. Defendant Equifax negligently and/or willfully violated 15 U.S.C. §1681i(C) by failing to maintain reasonable procedures designed to prevent the reappearance in a consumer's file, and in the consumer report on the consumer, of information that is previously deleted.

68. Defendant Equifax's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

69. Defendant Equifax's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated herein, and as a result, Defendant Equifax is liable to compensate Plaintiff for the full amount of statutory and actual damages, along with attorney's fees and costs, as well as such other relief as permitted by law.

70. Additionally, the court may award punitive damages under 15 U.S.C. § 1681n. Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant Equifax:

a)   For actual damages;

b)   For compensatory damages;

c)      For statutory damages;

d)      For attorney's fees and costs incurred in this action;

e)      For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and;

f)      For such other and further relief as the Court may deem just and proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1681I AS TO DEFENDANT, REAL PAGE, INC. D/B/A LEASINGDESK SCREENING (NEGLIGENT)**

71.   Plaintiff incorporates Paragraph 1 – 48 above as fully stated herein.

72.   After receiving Plaintiff's dispute, LeasingDesk violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's background file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's background file, and (4) relying upon verification from a source it has to know is unreliable.

73.   Despite the information provided by Plaintiff regarding the inaccurate reporting, LeasingDesk refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to

the furnisher(s).

74.     As a direct result of this conduct, action and/or inaction of  LeasingDesk, Plaintiff suffered damages, including without limitation, denials for housing; loss of time; financial loss; and mental and emotional pain stemming from  the anguish, humiliation, apprehension in applying for housing, and the damages  otherwise outlined in this Complaint.

75.     The conduct, action, and/or inaction of LeasingDesk was  negligent, rendering it liable for actual damages in an amount to be determined by the Court  pursuant to 15 USC § 1681o.

76.     Plaintiff is entitled to recover costs and attorney's fees from  LeasingDesk in an amount to be determined by the Court pursuant to 15 USC §  1681o.

WHEREFORE, Plaintiff, respectfully requests  that this Court award actual damages against Defendant, REAL PAGE, INC. d/b/a  LEASINGDESK SCREENING, jointly and severally; award Plaintiff her attorney's  fees and costs; award pre-judgment and post-judgment interest at the legal rate; and  grant all such additional relief as the Court deems appropriate.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1681I AS TO
## DEFENDANT, REAL PAGE, INC. D/B/A LEASINGDESK SCREENING
## (WILLFUL)

77.     Plaintiff incorporates Paragraph 1 – 48 above as fully stated herein.

78.     After receiving Plaintiff's disputes, LeasingDesk violated 15 U.S.C. §  1681i

by: (1) failing to delete inaccurate information in Plaintiff's background file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's background file, and (4) relying upon verification from a source it has to know is unreliable.

79.   Despite the information provided by Plaintiff regarding the inaccurate reporting, LeasingDesk refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

80.   As a direct result of this conduct, action and/or inaction of LeasingDesk, Plaintiff suffered damages, including without limitation, denials for housing; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for housing, and the damages otherwise outlined in this Complaint.

81.   The conduct, action, and/or inaction of LeasingDesk was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

82.   Plaintiff is entitled to recover costs and attorney's fees from LeasingDesk in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, REAL PAGE,

INC. d/b/a LEASINGDESK SCREENING, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT V**
**CLAIMS AGAINST DEFENDANT SENTRY**
**FOR VIOLATIONS OF THE FCRA**
**15 U.S.C. § 1681 *et seq.***

83. Plaintiff incorporates Paragraph 1 – 48 above as fully stated herein.

84. Defendant SENTRY has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

85. Specifically, SENTRY violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of disputed information, by failing to review all relevant information provided by the consumer reporting agency, by failing to review Plaintiff's prior dispute letters, prior direct disputes, the documentation provided, and its own entire file as part of such investigation, by failing to accurately communicate the results of its investigation to the consumer reporting agencies, by verifying inaccurate or incomplete information to a consumer reporting agency as part of a reinvestigation of such information disputed by Plaintiff and/or by

verifying and continuing to report inaccurate information after notice and confirmation of those errors.

86. Further, Sentry violated 15 U.S.C. § 1681s-2(b) by failing to promptly modify, delete or permanently block information disputed by Plaintiff which it knew or reasonably should have known was inaccurate, obsolete and/or incomplete.

87. Following the reinvestigation and dispatch of direct notice to Sentry, who failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

88. Sentry's reinvestigation was not conducted in good faith.

89. Sentry's reinvestigation was not conducted reasonably.

90. Sentry's reinvestigation was not conducted using all information reasonably available to the Defendant.

91. Sentry's reinvestigation was *per se* deficient by reason of these failures in its reinvestigation of the trade line on Plaintiff's consumer report in light of information it already had and multiple disputes with the credit bureaus.

92. Sentry's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles

Plaintiff to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

93. Defendant violated 15 U.S.C. § 1681s-2(a)(1)(A) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate").

94. Defendant Sentry had actual knowledge of the fraud and identity theft claims made by Plaintiff relating to an account with Defendant.

95. Defendant Sentry had **received multiple disputes from the bureaus** to find that this account was fraudulent. In light of the fraud report related to the account and filed police report, Defendant Sentry **still reported the account balance as accurate.**

96. Despite having all the information available to it as the other credit bureaus, the Defendant **still continued to report inaccurate and harmful information** in violation of 15 U.S.C. § 1681s-2(a)(1)(A)**.**

97. As a result of Sentry's conduct, actions, and inactions, Plaintiff has suffered emotional distress, humiliation, mental anguish and damages to her creditworthiness.

98. Sentry's actions and inactions are willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined

by the Court pursuant to 15 USC § 1681n. In the alternative, these actions were grossly negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

99.   Plaintiff is entitled to recover costs and attorney fees from Defendant Sentry in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

100.   Sentry's actions demonstrate an honest disregard for consumers and consumer law. Plaintiff will move for punitive damages following discovery of relevant information.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Sentry:

a)   For actual damages;

b)   For compensatory damages;

c)   For statutory damages;

d)   For punitive damages;

e)   For attorney's fees and costs incurred in this action;

f)   For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

g)      For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

Respectfully submitted this 15th day of February, 2024.

**STORY GRIFFIN**

/s/ Max Story_____
MAX STORY, ESQ.
Florida Bar:  0527238
AUSTIN J. GRIFFIN, ESQ.
Florida Bar:  0117740
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL  32250
Phone: (904)372-4109
Fax:  (904) 758-5333
max@storylawgroup.com
austin@storylawgroup.com
Attorneys for Plaintiff